UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MANUEL MORA,

                      Petitioner,

     - against -

UNITED STATES OF AMERICA,

                      Respondent.
-----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

23-cv-8990 (BMC)
21-cr-0090 (BMC)

**COGAN**, District Judge.

    Defendant seeks habeas corpus relief under 28 U.S.C. § 2255 from his conviction by guilty plea of conspiracy to distribute and possess with intent to distribute controlled substances. This Court sentenced him to 33 months, the bottom of his sentencing Guidelines range. His sole claim in the instant motion is that his counsel at sentencing was constitutionally ineffective for assuring defendant that he would receive a sentence of either probation or no more than 12 months' custody, and that he would not have pled guilty had he known that his actual exposure was much higher. That claim is flatly contradicted by his own words at his guilty plea hearing as well as by the affidavit that his former counsel has submitted in response to the motion. Accordingly, the motion is denied.

## BACKGROUND

    Defendant was indicted on two counts: (1) conspiracy to distribute and possess cocaine; (2) possession of marijuana and cocaine with intent to distribute. The charges arose out of a shooting in which defendant's co-conspirator, Adwein Rodriguez, first punched and then shot the female victim. When the Government executed an arrest warrant for Rodriguez at his and defendant's apartment in connection with the shooting, defendant threw 160 grams of cocaine

out of a second floor window, which the agents recovered. Agents found additional drugs, drug paraphernalia, and weapons in the apartment. Rodriguez's telephone showed defendant in a car, waving a gun at the camera, and then firing it twice out of the car when Rodriguez told him to.

At his guilty plea allocution, defendant was sworn and confirmed that he understood the importance of telling the truth. He further confirmed that he was fully satisfied with his counsel's representation. He was advised fully of the rights that he would be surrendering and that he still had the right to stand on his not guilty plea and proceed to trial.

Defendant confirmed that he had carefully reviewed the plea agreement with his counsel, that he understood its terms, and that it accurately represented the entire agreement he had with the Government. Because the plea agreement had an appeal waiver for any sentence of 41 months or less, the Court also carefully explained to him that he would not be able to challenge his sentence if he was sentenced within that range: "So if I impose 41 months or anything under that, you are not going to be able to challenge that sentence on appeal or any other way."

The Court further explained to him that because the statute under which he was pleading had no mandatory minimum and a statutory maximum of 20 years, his final sentence would be within that range. Defendant confirmed that he understood that.

The Court then advised defendant how it would determine where within that range it would sentence him. The Court explained that it would consider the sentencing Guidelines as only one factor, and that it was advisory. Defendant was advised that the Court could sentence him to more than Guidelines' range or less. The Court then stated:

> The bottom line, what I need you to understand today, is that until the date of sentencing, when I get a presentence investigation report and I hear from you and your lawyer and the government, you are not going to know with any certainty what the advisory guidelines might be. You are also not going to know with any

2

certainty whether there might be grounds to depart, that is, adjust those guidelines up or down. In addition, you are not going to know whether I might decide to impose a nonguideline sentence, that is, a sentence that could be higher or lower than the guidelines. In short, you are not going to know today what your sentence is going to be and you are not going to be able to withdraw your plea later if you don't like the sentence.

Defendant confirmed that he understood this. The Court then required the attorneys to put their estimate of the Guidelines on the record, which they did, and defendant's counsel agreed that the Government's estimate seemed correct. Defendant confirmed that he understood that even if the estimate was wrong or if he was sentenced to more time than the estimate, he would not be able to take back his guilty plea.

Defendant confirmed that he had no questions for the Court; that he was pleading guilty voluntarily and of his own free will; that no one had threatened or forced him to plead guilty; and that no one had made any promises to him about what his final sentence was going to be.

At sentencing, it emerged that the plea agreement had underestimated defendant's criminal history, he was a Category III instead of a Category II, which made his Guidelines' range 33-41 months. The Court sentenced him to 33 months.

## DISCUSSION

The constitutional error that defendant seeks to raise under § 2255 is that he was deprived of his right to counsel under the 6th Amendment. To demonstrate ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984), a defendant must show two things: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. A court will deem performance deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. If there is a reasonable probability that the outcome might have been different

3

because of a legal error, the defendant has established prejudice and is entitled to relief. See Weaver v. Massachusetts, 582 U.S. 286 (2017). But an ineffective assistance of counsel claim will fail if the defendant fails to make a sufficient showing under either of the Strickland prongs. Strickland, 466 U.S. at 697.

Here, defendant claims that in one meeting with his attorney, he told his attorney that he was not guilty and wanted to go trial and provided his attorney "witnesses names" who could be subpoenaed. He asserts that in a second meeting, his attorney told him there was a "strong probability that the Court would enter a sentence of probation" and that the "maximum sentence he would receive would be 12 months" and that he "would also receive credit for the time spent on home monitoring."

Putting aside, for the moment, the transcript of his guilty plea, defendant's attorney has submitted an affidavit that flatly, and logically, contradicts defendant's story. He testifies that he went over the plea agreement paragraph by paragraph to make sure defendant understood his exposure. He specifically directed defendant to the two-point enhancement for possession of a firearm and how it affected his sentencing guidelines. He acknowledges telling defendant that he would request a probationary sentence, and would ask the Court to consider the time he had spent on house arrest, but at no time did he make any promises about what would happen at sentencing or, more specifically, that the Court would sentence him to probation.

It is incredible to think otherwise. Under the plea agreement, defendant had a criminal history of Category II – as noted, it turned out to be III – including assault and weapons possession charges, and a poor record while in custody and then parole for these prior crimes. He had a gun enhancement on this crime. There were no particularly strong mitigating factors.

4

There is no reason an experienced lawyer, as his former lawyer is, would guarantee him probation to 12 months'.

And then there is the guilty plea transcript, which could not have made it any clearer to defendant that there was no deal other than that he would be sentenced to somewhere between zero to twenty years. He acknowledged his understanding of that eight ways from Sunday.

Finally, defendant's conclusory assertion that he would have gone to trial instead of facing a 33-41 Guidelines' range makes no sense. He has identified no defense. He was caught with distributable quantities of drugs red handed and video of firing a gun. He offers no reason he would have taken a chance on a much higher sentence.

Defendant is far from the first person to seek to unwind his voluntary guilty plea as a result of buyer's remorse. But that is not a ground for habeas corpus relief.

## CONCLUSION

The motion for habeas corpus relief is denied. No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) as there has been no substantial showing of the denial of a constitutional right. *In forma pauperis* status is denied for purposes of an appeal, as an appeal would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       May 9, 2024

5